IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RAYON PAYNE,
    Plaintiff,

V.                                                   Case No.:

95LIVE.COM,
    Defendant.
_____/

**COMPLAINT FOR IN REM RELIEF UNDER THE ANTICYBERSQUATTING
CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

**INTRODUCTION**

1. This is an in rem action pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d)(2), seeking the recovery and transfer of the domain name 95LIVE.COM, which was unlawfully registered and is currently being used in bad faith to harm Plaintiff's reputation and brand identity.

2. Plaintiff previously owned and operated the domain 95LIVE.COM in connection with his media and entertainment brand. The domain was fraudulently transferred or re-registered without Plaintiff's authorization.

3. The current registrant is unknown and hidden behind a privacy service, and cannot be personally identified or located despite diligent efforts. The domain is currently registered with NameCheap, Inc., a U.S.-based registrar, and is ultimately governed by the .com registry operated by VeriSign, Inc., located in Reston, Virginia.

4. The domain is actively redirecting to a harmful article, intentionally mischaracterizing Plaintiff's reputation, and is being used in bad faith to profit from or disparage Plaintiff's established identity.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1125(d).

6. Venue is proper in this judicial district under 15 U.S.C. § 1125(d)(2)(A), because the domain name registry for .com domains, VeriSign, Inc., is located in Reston, Virginia, which lies within the Eastern District of Virginia.

7. In rem jurisdiction is proper under 15 U.S.C. § 1125(d)(2)(A)(ii)(I), as the domain name registrant is not identifiable or cannot be found despite diligent efforts by the Plaintiff.

## PARTIES

8. Plaintiff, RAYON PAYNE, is an individual domiciled in the State of Florida, and was the original registrant and rightful owner of the domain 95LIVE.COM in connection with his brand, media content, and digital presence.

9. Defendant, 95LIVE.COM, is an Internet domain name currently registered with NameCheap, Inc., a domain name registrar located in the United States and operating under ICANN authority.

## FACTUAL BACKGROUND

10. Plaintiff registered and used 95LIVE.COM prior to 2013 as part of a media platform promoting entertainment, radio content, and branded services. This domain was associated with Plaintiff's public persona and business activities.

11. Plaintiff originally registered and operated the domain name 95LIVE.COM but lost access to it around 2002 while incarcerated.

12. In 2006, Plaintiff filed a federal lawsuit in the U.S. District Court for the Middle District of Florida (Case No. 6:06-cv-00908) seeking to recover the domain name 95LIVE.COM after learning it had been fraudulently transferred **See Exhibit (1)**. That case was voluntarily dismissed without prejudice and without adjudication on the merits. Plaintiff now brings this *In Rem* action following the discovery, in October 2025, that the domain is actively being used to harm Plaintiff's reputation through a malicious redirection.

13. The domain is currently registered anonymously via Withheld for Privacy, based in Iceland, and is hosted through NameCheap, Inc., with a privacy shield preventing the identification of the registrant.

14. The domain 95LIVE.COM currently redirects to an article from WFTV Channel 9 titled "Man Remains Free Despite At Least 13 Arrests, 23 Charges", which is unrelated to any commercial activity of the registrant and serves only to damage Plaintiff's reputation. **See Exhibit (2).**

15. Plaintiff only recently became aware, in or around October 2025, that the domain 95LIVE.COM is actively redirecting to the WFTV article, which falsely associates Plaintiff with criminal conduct and unrelated accusations. While Plaintiff had previously lost access to the domain and did not pursue immediate recovery, the discovery of this harmful redirection renewed the urgency and necessity of recovering the domain, as its current use poses an ongoing and escalating reputational harm.

16. This redirection is being done with bad faith intent to tarnish Plaintiff's name and extract value from the domain by associating it with scandal or negativity.

## CLAIM FOR RELIEF

(Anticybersquatting – In Rem Action under 15 U.S.C. § 1125(d)(2))

17. Plaintiff re-alleges and incorporates by reference the allegations above.

18. The domain name 95LIVE.COM is identical or confusingly similar to Plaintiff's personal and business identity and previously established domain.

19. The registrant of the domain name has registered or used the domain in bad faith by:

    - Redirecting the domain to harmful, unrelated content;
      Shielding their identity behind a privacy proxy to evade accountability;
    - Registering the domain despite Plaintiff's prior and continuous use;
    - Having no legitimate use or rights in the domain name.

19. Plaintiff cannot obtain personal jurisdiction over the current registrant due to anonymity and foreign privacy services, despite reasonable diligence.

20. The domain registrar NameCheap, Inc. is located in the United States and is subject to this Court's jurisdiction, making venue and in rem jurisdiction proper.

21. Plaintiff brings this action in rem under 15 U.S.C. § 1125(d)(2), as the registrant of the domain name 95LIVE.COM is currently unknown and cannot be identified through public WHOIS records due to the use of privacy protection services.

22. Should the registrant appear or otherwise become known through discovery or responsive pleading, Plaintiff reserves the right to amend this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to convert this action into an in personam proceeding and to assert additional claims for damages, including but not limited to:

    - Violation of the Anticybersquatting Consumer Protection Act,
      Tortious interference with Plaintiff's business or reputation,

- Unjust enrichment,

- And any other appropriate claims under federal or state law.

23. Plaintiff expressly alleges that any such amendment would be timely and just under the circumstances, particularly in light of the registrant's concealment and continued bad faith use of the disputed domain name.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff and against Defendant Domain Name "95LIVE.COM";

b. Order the transfer of the domain name 95LIVE.COM to Plaintiff pursuant to 15 U.S.C. § 1125(d)(2)(D)(i);

c. Declare that Plaintiff is the rightful owner of the domain name;

d. Award Plaintiff costs of suit and any other relief the Court deems just and proper.

DATE: 11/ 10 / 2025

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com
Email: info@folksalert.com