IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RAYON PAYNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-02039 (LMB/WBP) |
| 95LIVE.COM, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed an *ex parte* Motion and Memorandum in Support of Plaintiff's Request for Early Discovery to Serve Subpoena on NameCheap, Inc. ("Motion"; ECF No. 5.) For the following reasons, the Court GRANTS the Motion.

Plaintiff seeks to issue a Federal Rule of Civil Procedure 45 subpoena to NameCheap, Inc. ("NameCheap") to discover the identity and contact information of the owner of Defendant 95LIVE.COM. (*Id.* at 1.) As alleged in the Complaint, Plaintiff previously owned and used the domain 95LIVE.COM to promote entertainment, radio content, and branded services (ECF No. 1 ¶ 10), but the website's ownership was mistakenly or fraudulently transferred to an unknown registrant, Defendant John Doe ("Doe") (*id.* ¶¶ 1–2; ECF No. 3 ¶ 1). The domain now redirects visitors to a "harmful article" that intentionally mischaracterizes Plaintiff's public persona and falsely accuses him of criminal misconduct in violation of the Anti-Cybersquatting Consumer Protection Act. (ECF No. 1 ¶¶ 1, 4, 15.)

Prior to filing his Complaint, Plaintiff states that he conducted significant good faith efforts to identify Doe without success because Doe uses a privacy service to hide his identity. (ECF No. 1 ¶ 3.) Since Plaintiff brought this action, the registrar changed from NameCheap, Inc.

to Switzerland-based Infomaniak Network SA, and the identifying information was recently redacted and is no longer available to the public. (ECF No. 5 ¶¶ 2–3; ECF No. 3 ¶ 15.) Thus, Plaintiff filed this Motion seeking leave of court to serve a Rule 45 subpoena on NameCheap, Defendant Doe's previous registrar, for the limited purpose of discovering Doe's identity so Plaintiff can serve the Complaint. (ECF No. 5.)

While the Federal Rules of Civil Procedure prohibit parties from engaging in discovery of any type before a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), courts in the Fourth Circuit have allowed parties to serve third-party subpoenas before the Rule 26(f) conference if the movant can show that "good cause" exists. *See Moore v. Doe*, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019) ("Plaintiff established that 'good cause' exists for it to serve a third-party subpoena").

The "well-established" test for determining good cause consists of five factors: "(1) a concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." *Strike 3 Holdings, LLC v. Doe*, 1:24-cv-00503 (CMH/WBP), 2024 WL 1468338 (E.D. Va. Apr. 4, 2024). These five factors justify allowing Plaintiff to issue NameCheap a third-party subpoena before the Rule 26(f) conference solely to discover Doe's identity and contact information.

First, the Complaint states a *prima facie* claim for cybersquatting. (ECF No. 1 ¶¶ 10–16.) Second, Plaintiff's proposed subpoena (ECF No. 5-2) seeks Doe's identifying information. (*Id.*) Third, Plaintiff has no other way of identifying Doe without a court order granting Plaintiff leave to serve a Rule 45 subpoena. Fourth, the information sought is necessary to effect service on Defendant Doe. Finally, Doe's expectation of privacy is of minimal significance because

Plaintiff seeks limited, discoverable information. *See e.g.*, *Apothecary Prod. LLC v. Doe*, No. 19-CV-2278 (PJS/HB), 2019 WL 13471384, at *3 (D. Minn. Sept. 24, 2019) (holding that expectation of privacy was minimally significant because the plaintiff requested limited contact information from a third-party).

For these reasons, the Court finds that good cause exists to allow Plaintiff to serve a Rule 45 subpoena on NameCheap before the Rule 26(f) conference and ORDERS as follows:

1. The Court GRANTS the Motion (ECF No. 5).

2. Plaintiff may immediately serve a Rule 45 subpoena on NameCheap sufficient to discover the identity and contact information for Defendant John Doe, including any name, email address, physical address, IP address, telephone number, and registration information associated with the 95LIVE.COM registrant.

Entered this 18th day of December 2025.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia