# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION



RAYON PAYNE,
   Plaintiff,

V.                                                  Case No.: 1:25-cv-02039-LMB-WBP

95LIVE.COM,
JOHN DOE 1- 10,
   Defendant.
_____/

## PLAINTIFF'S MOTION FOR ORDER DIRECTING DISCLOSURE OF PACER/CM-ECF ACCESS LOGS AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff Rayon Payne, proceeding pro se, respectfully moves this Court for an Order directing the Clerk of Court, CM/ECF administrator, or appropriate PACER authority to disclose limited access logs regarding the subpoena issued in this case on December 18, 2025. This Motion is based on the following facts and legal authorities:

### FACTUAL BACKGROUND

1. On December 18, 2025, this Court granted Plaintiff's Motion for Leave to Conduct Early Discovery for the limited purpose of identifying the registrant or party in control of the domain name 95Live.com.

2. The Court authorized a subpoena to be issued to Namecheap, Inc., requesting identifying and technical records related to the domain, including registrant data, IP logs, and redirect history.

3. As confirmed by the Clerk's Office, signed subpoenas are not filed to the public docket. The signed subpoena was issued directly to Plaintiff for service via the U.S. Mail service. The docketed version is unsigned, and only accessible through CM/ECF or PACER.

1

4. On or about January 1, 2026, Plaintiff received an email purporting to object to the subpoena and claiming to be the sole owner of the domain. Attached to that email was a copy of the subpoena bearing CM/ECF docket headers, confirming that it had been downloaded from the PACER system. **See Exhibit (1).**

5. As the subpoena was never shared publicly by Plaintiff or by Namecheap, it follows that someone accessed PACER, located this Court's docket, navigated to Case No. 1:25-cv-02039-LMB-WBP, and downloaded the document.

6. Namecheap, Inc. was served with the Court's Order Granting Discovery and the accompanying subpoena on December 29, 2025. Contemporaneously with the filing of this motion, Plaintiff is submitting a proof of service affidavit confirming the date, time, and method of service upon Namecheap's registered agent. **See Exhibit (2).**

7. This communication is significant because it reflects actual notice of the ongoing federal litigation by an anonymous party, who—rather than appearing in court to raise any objection—attempted to circumvent the authority of this Court by improperly contacting the subpoenaed third party, Namecheap. The anonymous sender's actions appear calculated to evade jurisdiction and obstruct a lawful subpoena issued under Rule 45, without identifying themselves or submitting to the Court's authority as required by law.

8. To further the purpose of the Court's early discovery Order, Plaintiff requests limited disclosure of:
   - PACER account username(s) or ID(s);
   - Corresponding IP address(es);
   - Date(s) and time(s) the subpoena document was accessed or downloaded.