# EXHIBIT A

**John Doe (Pseudonym)**
[Address omitted for privacy]
Email: hi@95live.com

**VIA EMAIL AND EXPRESS MAIL**
NameCheap, Inc.
Attn: Legal Compliance Department
4600 East Washington Street, Suite 305
Phoenix, AZ 85034
Email: legal@namecheap.com

**RE: OBJECTION TO SUBPOENA, REQUEST FOR STATUTORY STAY OF PRODUCTION PER FEDERAL RULE OF CIVIL PROCEDURE 45(D)(2)(B)**

**Case:** *Payne v. 95LIVE.COM*, Case No. 1:25-cv-02039-LMB-WBP **Court:** U.S. District Court for the Eastern District of Virginia, **Subpoena Dated:** December 18, 2025

To Whom It May Concern:

I write as the sole and lawful owner of the the domain property, 95Live.com, which is a subject of a subpoena directed to NameCheap, Inc. and issued on December 18, 2025, in the above-captioned matter. This pseudonym is used currently to preserve my constitutional right to anonymity while I review the matter and Mr. Rayon Payne's allegations, as allowed under law of the United States of America.

However, I have seen the Order available online and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), I am asserting a formal objection to the subpoena issued on or about December 18, 2025, by Plaintiff Rayon Payne in the U.S. District Court for the Eastern District of Virginia. This objection is made within the 14-day window required by the Federal Rules and is based on multiple substantive and procedural grounds.

**This formal objection stays the production of any records.**

Under federal law, NameCheap, Inc. must **not** produce the requested materials unless and until the Plaintiff obtains an order from the issuing court compelling production aftert this formal objection. *Rule 45(d)(2)(B)(ii)* states: *"If an objection is made... the serving party may move the court... for an order compelling production... [o]nly then may the materials be produced."*

1

### 1. Standing and Successor-in-Interest

Although I am not the direct recipient of the subpoena, I am the current registrant and sole owner of 95LIVE.COM. Personal information and records are the specific targets of this discovery, on the stated basis of wanting to service the complaint in this case. While the domain was recently transferred away from NameCheap, Inc., I am the successor-in-interest to the account records held by your organization.

Federal courts consistently recognize that a party has standing to object to a third-party subpoena when they possess a "personal right or privilege with respect to the materials subpoenaed." *See, e.g., United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). As the owner of the domain, I have a well-established privacy interest in the registration, billing, and access logs associated with it, even if Mr. Rayon Payne had a claim of an interest in it from 20 years ago.

### 2. Overbreadth and Requests beyond the Court order

The subpoena (ECF No. 8) was issued following a December 18, 2025, court order (ECF No. 7) allowing the plaintiff to seek only "identity and contact information" for the registrant of 95LIVE.COM. However, the subpoena seeks categories of information that exceed the Court's authorization, including account login IP logs, metadata, all communications/support tickets, and complete DNS history.

These demands violate the narrow scope permitted for early discovery under Rule 26(d)(1). Subpoenas that exceed a court's explicit order are unenforceable and subject to quashal under Rule 45(d)(3)(A)(iv) for imposing undue burden and seeking irrelevant material.

The early discovery subpoena being challenged was allowed under a Court order for a narrow reason of getting information to allow for service. However, the subpoena being challenged went beyond what the Court order says. I object.

Separately, the service issue should be moot shortly, both regarding anonymity or immediately entering the case to address the merits and start discovery and depositions if the claims support an an investment in good that. I expect an agreement or court orders will be coming soon that will bring an end to this issue, but the subpoena objection is required now.

2

### 3. Procedural Defects Under Rule 45

The subpoena is procedurally defective is also defective for the following reason:

- **Failure to State Place of Compliance:** The subpoena fails to identify a geographical place of compliance as required by Rule 45(a)(1)(A)(iii).

### 4. Effect of Transfer, this response, new facts

New facts, available information, and Mr. Rayon Payne's mistakes make his continued pursuit of expansive discovery through a former registrar unreasonable under Rule 45(d)(1), which imposes a duty to avoid imposing undue burden or expense. He says he wants to serve the lawsuit, which can now be addressed in a proper way.

### VERIFICATION

I declare under penalty of perjury, pursuant to **28 U.S.C. § 1746,** that I am the owner of 95LIVE.COM and the individual whose property interests are at stake in this matter.

### REQUEST FOR ACTION

I respectfully request that NameCheap:

1. **Confirm in writing** that no records will be released pending further order of the Court.
2. **Withhold all records** related to 95LIVE.COM as required by the mandatory stay provisions of Rule 45.
3. **Immediately notify me** if NameCheap receives a Motion to Compel, so that I may file the appropriate Motion for a Protective Order in the Eastern District of Virginia.

I wish you nothing much prosperity and success in 2026 and thank you for your professionalism.

Sincerely,

*/s/ John Doe*

Pseudonymous Objector
Registrant of 95LIVE.COM
hi@95live.com

cc: Rayon Payne, Plaintiff

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RAYON PAYNE,
    Plaintiff,

V.                                                                                     Case No.: 1:25-cv-02039-LMB-WBP

95LIVE.COM,
JOHN DOE 1- 10,
    Defendant.
_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

**TO:**
NameCheap, Inc.
Attn: Legal Compliance
4600 East Washington Street, Suite 305
Phoenix, Arizona 85034
Email: legal@namecheap.com

**YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects at the time, date, and place set forth below:**

**Documents Requested:**

For the domain name 95LIVE.COM, please produce:

1. All historical WHOIS and registrant account information, including:

    - Name, organization, address, phone number, and email used

    - Registration and update dates

    - Any privacy/proxy service used

2. All account login IP logs and metadata associated with the domain

3. All communications, email exchanges, or support tickets relating to:

    - Domain transfer,

1

- Change of registrar,
- DNS changes or redirection,
- Disputes regarding domain ownership

4. Complete DNS history for the domain (including past nameservers and redirects)
5. Date and time of the transfer from NameCheap to Infomaniak, including any authorization records

**DELIVERY INSTRUCTIONS:**

Date & Time for Compliance: Within 14 days of service or as otherwise agreed
Delivery Location (via email or mail):
Rayon Payne
8815 Conroy Windermere Rd
Orlando Fl 32835
Ph: 863-485-0550
Email: kekomardi@gmail.com

**NOTE:**

- You may comply by producing responsive documents electronically.
- If any documents are withheld based on a claim of privilege, identify them in a privilege log.
- This subpoena is issued pursuant to court order authorizing early discovery.

**ISSUED UNDER THE AUTHORITY OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Date: 12/18/2025

By: COPY
    Deputy Clerk

(SEAL)