# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

RAYON PAYNE,

Plaintiff,

v.   Case No. 1:25-cv-02039-LMB-WBP

95LIVE.COM,

Defendant.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on the dates set forth below, I served the foregoing Rule 45 Objection to Subpoena in accordance with the Federal Rules of Civil Procedure as follows:

1. **Service of Rule 45 Objection (January 1, 2026)**

   On January 1, 2026, a true and correct copy of the Rule 45 Objection by Claimant and 95Live.com registrant was served via electronic mail on the following parties:

   - Rayon Payne, Plaintiff via email: kekomardi@gmail.com
   - Namecheap, Inc., Legal Compliance Department via email: legal@namecheap.com

   Service was effected by electronic mail and was timely under Fed. R. Civ. P. 45(d)(2)(B). The objection asserted ownership, privacy, and anonymity interests of the undersigned claimant in the information sought by the subpoena. It is attached.

2. **Meet-and-Confer Correspondence with Objection Attached (January 12, 2026)**

   On January 12, 2026, the undersigned sent a written meet-and-confer communication to Rayon Payne, via electronic mail to kekomardi@gmail.com, regarding the same subpoena.

The meet-and-confer correspondence expressly referenced and attached the previously served Rule 45 Objection, requested an administrative stay of compliance, and sought to resolve the dispute without court intervention.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2025

Respectfully submitted,

*/s/ John Doe*

John Doe

Claimant / Registrant

95Live.com

Proceeding Under Pseudonym

Email: hi@95live.com

# URGENT: FORMAL RULE 45 OBJECTION - 95LIVE.COM - Case No. 1:25-cv-02039-LMB-WBP

from : < hi@95live.com >
to : < legal@namecheap.com >
cc : < kekomardi@gmail.com >
date : Jan 1, 2026 at 6:19:24 AM
subject : URGENT: FORMAL RULE 45 OBJECTION - 95LIVE.COM - Case No. 1:25-cv-02039-LMB-WBP
attachment :

- 95Live objection by owner.pdf

Dear NameCheap Legal Compliance Team,

Please find the attached formal objection to the subpoena served on NameCheap, Inc. regarding the domain **95LIVE.COM** in the matter of *Payne v. 95LIVE.COM*, Case No. 1:25-cv-02039-LMB-WBP (E.D. Va.).

As the current registrant and owner of the domain, I am asserting this objection pursuant to **Federal Rule of Civil Procedure 45(d)(2)(B)**.

**Please take note of the following:**

1. **Mandatory Stay:** Under FRCP 45(d)(2)(B)(ii), this timely objection stays the production of any records. NameCheap is prohibited from disclosing the requested information unless and until the Plaintiff obtains an order from the court compelling production.

2. **Scope Violation:** The subpoena seeks data significantly beyond the "identity and contact information" authorized by the Court's order at ECF No. 7.

3. **Anonymity:** I am proceeding under a pseudonym to protect my First Amendment right to anonymous speech.

Please acknowledge receipt of this email and confirm that no records will be released in light of this formal objection. A hard copy of this objection is also being sent via Express Mail for your records.

Happy New Year and wishing you great experiences in 2026!

Sincerely,

John Doe
Pseudonymous Objector,
Owner and Registrant of 95Live.com

**John Doe (Pseudonym)**
[Address omitted for privacy]
Email: hi@95live.com

**VIA EMAIL AND EXPRESS MAIL**
NameCheap, Inc.
Attn: Legal Compliance Department
4600 East Washington Street, Suite 305
Phoenix, AZ 85034
Email: legal@namecheap.com

**RE: OBJECTION TO SUBPOENA, REQUEST FOR STATUTORY STAY OF PRODUCTION PER FEDERAL RULE OF CIVIL PROCEDURE 45(D)(2)(B)**

**Case:** *Payne v. 95LIVE.COM*, Case No. 1:25-cv-02039-LMB-WBP **Court:** U.S. District Court for the Eastern District of Virginia, **Subpoena Dated:** December 18, 2025

To Whom It May Concern:

I write as the sole and lawful owner of the the domain property, 95Live.com, which is a subject of a subpoena directed to NameCheap, Inc. and issued on December 18, 2025, in the above-captioned matter. This pseudonym is used currently to preserve my constitutional right to anonymity while I review the matter and Mr. Rayon Payne's allegations, as allowed under law of the United States of America.

However, I have seen the Order available online and pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), I am asserting a formal objection to the subpoena issued on or about December 18, 2025, by Plaintiff Rayon Payne in the U.S. District Court for the Eastern District of Virginia. This objection is made within the 14-day window required by the Federal Rules and is based on multiple substantive and procedural grounds.

**This formal objection stays the production of any records.**

Under federal law, NameCheap, Inc. must **not** produce the requested materials unless and until the Plaintiff obtains an order from the issuing court compelling production aftert this formal objection. *Rule 45(d)(2)(B)(ii)* states: "If an objection is made... the serving party may move the court... for an order compelling production... [o]nly then may the materials be produced."

1

## 1. Standing and Successor-in-Interest

Although I am not the direct recipient of the subpoena, I am the current registrant and sole owner of 95LIVE.COM. Personal information and records are the specific targets of this discovery, on the stated basis of wanting to service the complaint in this case. While the domain was recently transferred away from NameCheap, Inc., I am the successor-in-interest to the account records held by your organization.

Federal courts consistently recognize that a party has standing to object to a third-party subpoena when they possess a "personal right or privilege with respect to the materials subpoenaed." *See, e.g., United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). As the owner of the domain, I have a well-established privacy interest in the registration, billing, and access logs associated with it, even if Mr. Rayon Payne had a claim of an interest in it from 20 years ago.

## 2. Overbreadth and Requests beyond the Court order

The subpoena (ECF No. 8) was issued following a December 18, 2025, court order (ECF No. 7) allowing the plaintiff to seek only "identity and contact information" for the registrant of 95LIVE.COM. However, the subpoena seeks categories of information that exceed the Court's authorization, including account login IP logs, metadata, all communications/support tickets, and complete DNS history.

These demands violate the narrow scope permitted for early discovery under Rule 26(d)(1). Subpoenas that exceed a court's explicit order are unenforceable and subject to quashal under Rule 45(d)(3)(A)(iv) for imposing undue burden and seeking irrelevant material.

The early discovery subpoena being challenged was allowed under a Court order for a narrow reason of getting information to allow for service. However, the subpoena being challenged went beyond what the Court order says. I object.

Separately, the service issue should be moot shortly, both regarding anonymity or immediately entering the case to address the merits and start discovery and depositions if the claims support an an investment in good that. I expect an agreement or court orders will be coming soon that will bring an end to this issue, but the subpoena objection is required now.

### 3. Procedural Defects Under Rule 45

The subpoena is procedurally defective is also defective for the following reason:

- **Failure to State Place of Compliance:** The subpoena fails to identify a geographical place of compliance as required by Rule 45(a)(1)(A)(iii).

### 4. Effect of Transfer, this response, new facts

New facts, available information, and Mr. Rayon Payne's mistakes make his continued pursuit of expansive discovery through a former registrar unreasonable under Rule 45(d)(1), which imposes a duty to avoid imposing undue burden or expense. He says he wants to serve the lawsuit, which can now be addressed in a proper way.

### VERIFICATION

I declare under penalty of perjury, pursuant to **28 U.S.C. § 1746,** that I am the owner of 95LIVE.COM and the individual whose property interests are at stake in this matter.

### REQUEST FOR ACTION

I respectfully request that NameCheap:

1. **Confirm in writing** that no records will be released pending further order of the Court.
2. **Withhold all records** related to 95LIVE.COM as required by the mandatory stay provisions of Rule 45.
3. **Immediately notify me** if NameCheap receives a Motion to Compel, so that I may file the appropriate Motion for a Protective Order in the Eastern District of Virginia.

I wish you nothing much prosperity and success in 2026 and thank you for your professionalism.

Sincerely,

*/s/ John Doe*

Pseudonymous Objector
Registrant of 95LIVE.COM
hi@95live.com

cc: Rayon Payne, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RAYON PAYNE,
    Plaintiff,

V.                                Case No.: 1:25-cv-02039-LMB-WBP

95LIVE.COM,
JOHN DOE 1- 10,
    Defendant.
_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

**TO:**
NameCheap, Inc.
Attn: Legal Compliance
4600 East Washington Street, Suite 305
Phoenix, Arizona 85034
Email: legal@namecheap.com

**YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects at the time, date, and place set forth below:**

**Documents Requested:**

For the domain name 95LIVE.COM, please produce:

1. All historical WHOIS and registrant account information, including:

   - Name, organization, address, phone number, and email used

   - Registration and update dates

   - Any privacy/proxy service used

2. All account login IP logs and metadata associated with the domain

3. All communications, email exchanges, or support tickets relating to:

   - Domain transfer,

1

- Change of registrar,
- DNS changes or redirection,
- Disputes regarding domain ownership

4. Complete DNS history for the domain (including past nameservers and redirects)
5. Date and time of the transfer from NameCheap to Infomaniak, including any authorization records

**DELIVERY INSTRUCTIONS:**

Date & Time for Compliance: Within 14 days of service or as otherwise agreed
Delivery Location (via email or mail):
Rayon Payne
8815 Conroy Windermere Rd
Orlando Fl 32835
Ph: 863-485-0550
Email: kekomardi@gmail.com

**NOTE:**

- You may comply by producing responsive documents electronically.
- If any documents are withheld based on a claim of privilege, identify them in a privilege log.
- This subpoena is issued pursuant to court order authorizing early discovery.

**ISSUED UNDER THE AUTHORITY OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Date: 12/18/2025

By: _____
COPY
Deputy Clerk

(SEAL)

2

# MEET AND CONFER: Payne vs 95Live.com Subpoena Objection

from : < hi@95live.com >

to : **kekomardi@gmail.com** < kekomardi@gmail.com >

date : Jan 12, 2026 at 11:05:56 AM

subject : MEET AND CONFER: Payne vs 95Live.com Subpoena Objection

---

Mr. Payne,

I am the Registrant of the domain name www.95Live.com and an interested party in the above-referenced in rem action. Please consider this a formal meet-and-confer attempt.

1. Stay of Subpoena and Discovery

I request that you agree to a 10-day administrative stay regarding the subpoena issued to Namecheap, based in Phoenix, Arizona.

A stay is necessary for the following reasons:

Voluminous record: The domain property appears to have an extensive history based on ICANN data. There are a large volume of records to acquire including ones that require clerk assistance.

Overbreadth: The subpoena, as served, is overbroad, seeking sensitive, private identifying information that is irrelevant to the to service. It was not updated after the Court narrowed what could be requested.

First Amendment Privilege: This matter involves protected speech based on claim in pleading. Under James v. Jacobson, 6 F.3d 233 (4th Cir. 1993), a right to proceed under a pseudonym, especially where, as here, the litigation could be viewed as retaliatory and intended to "unmask" someone you feel is a critic.

Irreparable Harm: Disclosure of the information before the Court has ruled on the propriety of my pseudonym status would render my right to anonymity moot.

Planned engagement: Successful service can be arranged after review including through a local attorney. If there is a true legal claim to ownership, I do not cybersquat and a transfer would be appropriate. If the issue requires court help, I will engage within 10 days. Further, I have already filed an Objection to the Subpoena as you are aware

As you know, this subpoena is time sensitive so if I do not receive your written agreement to (1) stay the subpoena compliance by 10 AM EST on January 12, 2026, I will be forced to file Emergency Motion for Administrative Stay, Quash, and other Protective Relief.

Please advise.

Thank you,



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RAYON PAYNE,
    Plaintiff,

V.                                  Case No.: 1:25-cv-02039-LMB-WBP

95LIVE.COM,
JOHN DOE 1- 10,
    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ORDER DIRECTING DISCLOSURE OF PACER/CM-ECF ACCESS LOGS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Rayon Payne, proceeding pro se, respectfully moves this Court for an Order directing the Clerk of Court, CM/ECF administrator, or appropriate PACER authority to disclose limited access logs regarding the subpoena issued in this case on December 18, 2025. This Motion is based on the following facts and legal authorities:

**FACTUAL BACKGROUND**

1. On December 18, 2025, this Court granted Plaintiff's Motion for Leave to Conduct Early Discovery for the limited purpose of identifying the registrant or party in control of the domain name 95Live.com.

2. The Court authorized a subpoena to be issued to Namecheap, Inc., requesting identifying and technical records related to the domain, including registrant data, IP logs, and redirect history.

3. As confirmed by the Clerk's Office, signed subpoenas are not filed to the public docket. The signed subpoena was issued directly to Plaintiff for service via the U.S. Mail service. The docketed version is unsigned, and only accessible through CM/ECF or PACER.

1

4. On or about January 1, 2026, Plaintiff received an email purporting to object to the subpoena and claiming to be the sole owner of the domain. Attached to that email was a copy of the subpoena bearing CM/ECF docket headers, confirming that it had been downloaded from the PACER system. **See Exhibit (1)**.

5. As the subpoena was never shared publicly by Plaintiff or by Namecheap, it follows that someone accessed PACER, located this Court's docket, navigated to Case No. 1:25-cv-02039-LMB-WBP, and downloaded the document.

6. Namecheap, Inc. was served with the Court's Order Granting Discovery and the accompanying subpoena on December 29, 2025. Contemporaneously with the filing of this motion, Plaintiff is submitting a proof of service affidavit confirming the date, time, and method of service upon Namecheap's registered agent. **See Exhibit (2)**.

7. This communication is significant because it reflects actual notice of the ongoing federal litigation by an anonymous party, who—rather than appearing in court to raise any objection—attempted to circumvent the authority of this Court by improperly contacting the subpoenaed third party, Namecheap. The anonymous sender's actions appear calculated to evade jurisdiction and obstruct a lawful subpoena issued under Rule 45, without identifying themselves or submitting to the Court's authority as required by law.

8. To further the purpose of the Court's early discovery Order, Plaintiff requests limited disclosure of:
    - PACER account username(s) or ID(s);
    - Corresponding IP address(es);
    - Date(s) and time(s) the subpoena document was accessed or downloaded.