IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



RAYON PAYNE,
    Plaintiff,

V.                                        Case No.: 1:25-cv-02039-LMB-WBP

95LIVE.COM,
JOHN DOE 1- 10,
    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA, FOR SANCTIONS, AND ORDER TO SHOW CAUSE (WITH MEMORANDUM OF LAW)**

Plaintiff RAYON PAYNE, pursuant to Federal Rule of Civil Procedure 45, respectfully moves this Honorable Court for an order to compel third-party NameCheap, Inc. ("Namecheap") to fully comply with the valid subpoena issued on December 18, 2025 (ECF No. 8), pursuant to the Court's Order granting early discovery (ECF No. 7). In further support, Plaintiff states as follows:

1. Compelling Namecheap, Inc. to comply with the subpoena served on December 29, 2025;

2. Imposing monetary sanctions against Namecheap for non-compliance; and

3. Issuing an Order to Show Cause to the anonymous individual who has interfered with enforcement of the subpoena by circulating false objections outside the court process.

This motion is supported by the factual record, the attached exhibits, and the applicable law detailed below.

1

## FACTUAL BACKGROUND

4. On December 18, 2025, this Court granted Plaintiff's Motion for Early Discovery and directed Plaintiff to serve a Rule 45 subpoena on registrars of 95LIVE.COM (Dkt. 7).

5. Pursuant to that Order, the subpoena was issued and served on Namecheap, Inc. on December 29, 2025, as confirmed by proof of service (Dkt. 10).

6. Namecheap had 14 days to comply. That period expired on January 12, 2026.

7. On January 1, 2026, an anonymous individual emailed a document styled as a "Rule 45 Objection" directly to Namecheap (and copied Plaintiff). That document was never filed with this Court and does not comply with Rule 45(d). **See Exhibit A.**

8. On January 12, 2026, that same anonymous individual sent Plaintiff an email requesting a "meet and confer" and claiming to represent Namecheap — again, outside the Court's processes. **See Exhibit B.**

9. Later that evening, the anonymous individual transmitted another communication designed to appear like a filed court document, including a case caption and certificate of service — even though it was never filed with the Clerk and was not served in accordance with the Federal Rules. **See Exhibit C.**

10. Namecheap subsequently emailed Plaintiff acknowledging the anonymous objection and indicating they planned to hold subpoenaed materials pending resolution of that informal objection. **See Exhibit D.**

11. To date, Namecheap has produced no documents, filed no objections with this Court, and has never moved to quash or seek a protective order under Rule 45(d)(3).

12. Plaintiff also has a pending Motion for PACER/CMECF Access Logs (Dkt. 12) to identify the anonymous sender who accessed court documents and appears to have improperly obtained and disseminated court filings.

## MEMORANDUM OF LAW

### A. Namecheap Must Comply with a Valid Subpoena

13. Under Federal Rule of Civil Procedure 45(d)(1), a person commanded to produce documents "must comply" unless a valid objection is timely made and accepted by the Court.

14. Rule 45(d)(2)(B) requires that any objection be served and, if necessary, brought before the issuing court. A third-party cannot simply refuse compliance based on an informal email. See Rosenberg v. Collins, 624 F.2d 659 (5th Cir. 1980) ("A party must object or move to quash the subpoena; mere informal communication does not stay compliance."). Here, Namecheap has failed to comply, and no proper objection has been filed with this Court.

### B. Anonymous Out-of-Court Objections Are Invalid

15. The anonymous communications were never filed in court and were not served under Rule 45. Objections to a subpoena must be made through the court system, backed by a legitimate legal basis, and served on all parties.

16. The Fourth Circuit and others recognize that informal, out-of-court attempts to block compliance with a subpoena are invalid and cannot deprive the issuing court of authority.

17. The fact that the anonymous sender styled the objection to appear like a court motion and included a "certificate of service" is further evidence of bad faith. **See Exhibit C.**

### C. Sanctions and Contempt for Failure to Comply

18. Rule 45(g) states that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena…" The advisory committee notes clarify that sanctions may include daily coercive fines to secure compliance.

19. The Court may also exercise its inherent authority to preserve the integrity of its orders. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991) (upholding sanctions for conduct that abuses the judicial process).

20. Given the substantial delay, the informal and misleading objections, and intentional interference with a valid subpoena, sanctions are appropriate.

### D. Misuse of Court Caption and Misrepresentation

1. Using federal court captions or formatting in communications that are not filed with the Court is misleading and potentially constitutes a "fraud on the court." The anonymous objector's certified styled objection mimicked court filings but was never filed. This seriously interfered with Namecheap's understanding of its obligations and attempted to circumvent the Court's authority.

### E. Pending PACER Access Motion Supports Identification of the Obstructor

1. Plaintiff's Motion at Dkt. 12 seeks access logs to identify who accessed the subpoena documents in PACER/ECF and then used them in out-of-court communications. The obstruction in this motion underscores the need for that identification.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. Compelling Namecheap, Inc. to fully comply with the subpoena and produce all responsive documents within seven (7) calendar days of the date of the Court's Order;

2. Imposing monetary sanctions against Namecheap, Inc. including:
   - $250.00 for initial sanctions,
   - $108.65 in documented out-of-pocket costs,

- $100.00 per calendar day for each day that Namecheap fails to comply after the 7-day deadline;

3. Issuing an Order to Show Cause directed to the anonymous person who sent the unauthorized "objections," requiring them to appear and explain why they should not be sanctioned for:
   - Interfering with a lawful subpoena,
   - Misrepresenting court authority,
   - Obstructing court-authorized discovery;

4. Retaining jurisdiction to consider further sanctions, including a contempt citation, once the anonymous objector has been identified; and

5. Granting any other relief that the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, a true and correct copy of the foregoing Motion to Compel Compliance with Subpoena, for Sanctions, and for Order to Show Cause was served via email to Namecheap, Inc. at legal@namecheap.com

DATE: 1/ 13 / 2026

Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com