IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RAYON PAYNE,                          )
                                      )
            Plaintiff,                )
                                      )
    v.                                )        1:25-cv-2039 (LMB-WBP)
                                      )
95LIVE.COM, et al.,                   )
                                      )
            Defendants.               )

## ORDER

Before the Court are a series of documents from a proposed intervenor John Doe ("John Doe"), proceeding pro se, who has identified himself as the owner of defendant 95LIVE.com, and who has requested to proceed pseudonymously because he fears vexatious litigation by pro se plaintiff Rayon Payne. The proposed intervenor has submitted an ex parte Motion for Level-2 ("Double-Lock") Seal and for Temporary Double-Lock Identity Hold. He has also submitted an Opposition to Plaintiff's Motion to Compel Compliance with Subpoena, and a Motion to Quash Subpoena, which he requests that the Court review under double-lock seal. For the reasons explained below, none of the requests filed by proposed intervenor John Doe can be granted.

First, to the extent that John Doe, who is pro se, seeks to represent the domain 95LIVE.COM, he cannot. 95LIVE.COM, as a non-human being, cannot litigate in this matter unless it is represented by an attorney. See, e.g., U.S. Commodity Futures Trading Comm'n v. OTC Invs. LLC, No. 1:15-CV-00081-MR, 2015 WL 3397066, at *1 (W.D.N.C. May 26, 2015) ("It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel."). For 95LIVE.COM to

defend against the allegations in this civil action, it must be represented by an attorney admitted to practice in the Eastern District of Virginia.

Second, to the extent that John Doe has a direct interest in this litigation and wants to intervene on his own behalf, the Court does not find sufficient reason to grant his request to proceed under pseudonym. The Fourth Circuit has held that "[p]seudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identifies furthers openness of judicial proceedings." Doe v. Public Citizen, 749 F.3d 246, 265-66 (4th Cir. 2014). Although "district courts may, in their discretion, allow pseudonymous litigation because 'privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation[,]'" Doe v. Doe, 85 F.4th 206, 211 (4th Cir. 2023) (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (emphasis in original)), such relief is warranted only in "exceptional" circumstances, Pub. Citizen, 749 F.3d at 273. John Doe's fear of vexatious litigation by plaintiff does not warrant such rare relief. Accordingly, it is hereby

ORDERED that the Clerk return to the proposed intervenor all of his documents. Should John Doe want to intervene on his own behalf, he can only do so through public filings. And if 95LIVE.COM wants to defend itself in this litigation, it must hire an attorney admitted to practice in this district.

The Clerk is directed to forward a copy of this Order to pro se plaintiff.

Entered this 25 day of March, 2026.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

2